**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| Layne W. Johnson, : | |
| : | Civil Action No. 16-622(RMB) |
| Plaintiff, : | |
| v. : | **OPINION** |
| Unites States of America, : | |
| Defendant. : | |

**BUMB**, District Judge

Plaintiff, Layne Johnson ("Johnson"), who is presently incarcerated in the Federal Medical Center in Ayer, Massachusetts, filed a civil rights complaint on February 5, 2016. (Compl., ECF No. 1.) Johnson seeks to proceed <u>in forma pauperis</u> ("IFP"), pursuant to 28 U.S.C. § 1915. He filed a properly completed IFP application that establishes his inability to prepay the filing fee, and the Court will grant his IFP application. However, for the reasons discussed below, the Court will dismiss the Complaint with prejudice.

I.   BACKGROUND

Johnson brings this action against the United States of America for loss of his personal property while he was incarcerated in FCI Fort Dix, in Fort Dix, New Jersey. (Compl.,

1

ECF No. 1 at 4.) He asserts jurisdiction under 31 U.S.C. § 3723.

In his Complaint, Johnson alleged:

> On January 12, 2015, I was placed in the Special Housing Unit ("SHU"). An unknown staff member gathered my personal belongings and forwarded them to the "SHU". January 15, 2015, an Officer Ward who was in charge of property matters at F.C.I. Fort Dix, brought my possessions to my cell to be inventoried. Upon completion, I noted that several items were missing. Officer Ward instructed me to make a notation of the items missing on the inventory forms prior to signing for them. On February 19, 2015, I submitted a claim to the F.B.O.P.'s regional office, with an itemized list of what was missing, a dollar amount, the approximate dates the items were purchased, and the institutions that I received the items in (see attached). The regional office denied my claim on the basis that I did not list the missing items on the inventory documents and, in acknowledging receipt of my property when I moved to F.M.C. Devens as being complete, released Fort Dix of responsibility.
> On September 1, 2015, I sent a request for the region to reconsider my claim. As of today, I have not received a reply.

(Compl., ECF No. 1 at 5-6.)

**II. DISCUSSION**

Johnson is a prisoner who is seeking relief from a governmental entity. Therefore, the Court is required to <u>sua sponte</u> screen the Complaint and dismiss any claim that is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Courts must

liberally construe documents that are filed pro se. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiff asserts jurisdiction under 31 U.S.C. § 3723, which provides as follows:

> (a) The head of an agency (except a military department of the Department of Defense or the Coast Guard) may settle a claim for not more than $1,000 for damage to, or loss of, privately owned property that--
>
>> (1) is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment; and
>>
>> (2) may not be settled under chapter 171 of title 28.
>
> (b) A claim under this section may be allowed only if it is presented to the head of the agency within one year after it accrues.
>
> (c) A claim under this section may be paid as provided in section 1304 of this title only if the claimant accepts the amount of the settlement in complete satisfaction of the claim against the Government.

A prisoner may file a claim under the Federal Tort Claims Act for damaged or lost property by mailing the claim to the regional office of the Bureau of Prisons ("BOP") in the region where the claim occurred. 28 C.F.R. § 543.31(a). The Federal Bureau of Prisons is authorized to settle administrative claims for not more than $1,000. 31 U.S.C. § 3723(a). Although BOP regulations provide that if the prisoner is "dissatisfied with

3

the final agency action" he or she may file suit in an "appropriate U.S. District Court" 28 C.F.R. § 543.32(g), the U.S. Supreme Court in Ali v. Federal Bureau of Prisons, 552 U.S. 214, 228 (2008) held that 28 U.S.C. § 2680(c) proscribes the waiver of federal sovereign immunity in relation to "[a]ny claim arising in respect ... [to] the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." (citing 28 U.S.C. § 2680(c)). The term "other law enforcement officers," as used in the statute, includes Bureau of Prisons officers. Id. at 227-28.

Therefore, the United States of America has sovereign immunity from Johnson's claim, and the claim will be dismissed with prejudice. See Bowens v. U.S. Dept. of Justice, 415 F. App'x 340, 343 (3d Cir. 2011) ("[i]n Ali, the Court held that a suit over the loss of items . . . during a prison transfer was barred by § 2680(c). . . . The same rationale applies to the loss of items pursuant to detention in Bowens's case.")

## III. CONCLUSION

For the reasons described above, in the accompanying Order filed herewith, the Court will dismiss the Complaint with prejudice.

s/Renee Marie Bumb<br>
**Renée Marie Bumb**<br>
**United States District Judge**

4

Dated: February 29, 2016